IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
        Plaintiff,

        v.

DONNA SHEBETICH,
        Defendant/Petitioner.

Criminal No. 10-0197
ELECTRONICALLY
FILED

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. NO. 71)

Presently before this Court is *Pro Se* Defendant's Motion for Reconsideration.  Doc. No. 71.  As previously set forth, most recently in this Court's Memorandum Order of Court Denying *Pro Se* Petitioner's Motion to Appoint Counsel (Doc. No. 70), the procedural posture of this case is as follows:

Defendant was sentenced by this Court to a term of imprisonment of 72 months to be followed by a 5 year term of supervised release for false entry in bank records by officer, director, agent, or employee in violation of 18 U.S.C. § 1005.  Defendant pled guilty to this crime pursuant to a plea agreement that contained a waiver of appellate rights.  Defendant knowingly and voluntarily agreed to waive her appellate rights as outlined in the plea agreement during her change of plea hearing.  The applicable advisory guideline range, as set forth in the 2010 edition of the Guidelines Manual, was 121 to 151 months imprisonment.

Defendant, through her previous counsel, filed a Notice of Appeal of this judgment to the United States Court of Appeals for the Third Circuit.  Doc. No. 46.  The United States Court of Appeals for the Third Circuit granted a Motion to Enforce Appellate Waiver by Summary Action.  Doc. No. 55.  Since that time, the Court has denied the following Motions filed by Defendant: (1) Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 56); (2) Motion for Reconsideration re. Order on Motion to Vacate (Doc. No. 59); (3) Motion for Certificate of Appealability (Doc. No. 60); and (4) Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 66).[1]

---

[1] Defendant, through counsel, filed an appeal to the United States Court of Appeals for the Third Circuit of this Court's Memorandum Order denying her Motion for Reconsideration and Motion for Certificate of Appealability.  Doc. No. 62.  The United States Court of Appeals for the Third Circuit denied a Certificate of Appealability because "jurists of reason would not debate the District Court's decision to

Defendant now moves this Court to vacate her sentence because she contends that she did not understand the terms of her plea agreement or the consequences of pleading guilty and her counsel did not present argument as to the loss amount, number of victims, or the circumstances leading to Metropolitan Bank's closure. Doc. No. 71.

Despite her contentions, Defendant's change of plea was knowing and voluntary. During the change of plea hearing, Defendant was informed of: her right to a jury trial; the rights associated with a jury trial; the consequences of waiving her right to a jury trial; the maximum sentence that she faced; the non-binding nature of either counsel's recommendation of sentence to the Court; and her right to appeal any judgment of guilty or sentence imposed unless she otherwise waived that right. See Doc. No. 28. Defendant, while under oath, stated that she understood all of these rights and the consequences of waiving her rights. She then waived her right to a jury trial and pled guilty to Count Five of the Indictment. The contentions in Defendant's current Motion will not disturb this knowing and voluntary change of plea and waiver of right to a jury trial and to appeal.

Defendant further contends that her sentence should be vacated because her counsel did not dispute certain factors that were relevant to her sentencing. However, counsel raised these issues when the Court inquired as to each party's position as to the applicable advisory guideline range. Specifically, counsel for the Government stated that "the government recognizes that it's very dependent upon how ultimately the Court finds the loss figure to be in this case, that is, including the conduct for which she's entering a plea as well as all relevant conduct." Doc. No. 28, 11. Counsel continued and stated that "if the Court should find the loss figure to be any

---

enforce Appellant's knowing and voluntary waiver of her right to seek collateral review pursuant to 28 U.S.C. § 2255." Doc. No. 65.

number in excess of $7 million, as well as find that certain enhancement provisions under 2B1.1 apply, such an enhancement for the number of victims, et cetera, the government believes that following her entry of guilty plea, the advisory guideline range would be that of 30, which carries a penalty of 97 to 121 months." Id.

Defense Counsel stated that "our position is that the losses are significantly less than the government's position." Doc. No. 28, 12. The Court then inquired how the loss amount and number of victims would be determined. Id. Both parties agreed that the Court would determine the amount after hearing the direct and cross-examination of Defendant and FDIC examiners during the sentencing hearing. Id.

During Defendant's sentencing hearing, the Government presented evidence as to the loss amount and the number of victims through the direct examination of the following witnesses: *victim witnesses*: Allan Becer (an account holder of Metropolitan Savings Bank-lost "nearly" $60,000.00), Pamela Minto (daughter of a deceased account holder of Metropolitan Savings Bank-had $537,185 deposited at the Bank); *fact witnesses*: Larry Jackley (Certified Public Accountant and outside auditor for Metropolitan Savings Bank), Robert Lentz (Certified Public Accountant with the Allegheny County Controller's Office and former member of the Metropolitan Saving's Bank Board of Directors), Michael Albert (former Special Agent of the Federal Bureau of Investigation), and Carlo Veltri (Senior Bank Examiner with the FDIC). Doc. No. 45. Defense Counsel cross-examined each of the fact witnesses. The Court questioned Mr. Jackley, Mr. Lentz, and Mr. Veltri. Defendant did not object to the loss amount calculated by the Probation Office, $9,703,939 and additional losses to 24 underinsured account holders of $534,726.20, but objected to her responsibility for the total amount. Doc. No. 45, 16-17. The testimony from fact witnesses was presented "to establish that there is a connection between the

conduct in which Ms. Shebetich engaged in both as reflected in the indictment as well as other uncharged criminal conduct which is deemed to be relevant conduct." Id. at 17.

After hearing argument from both counsel, the Court sentenced Defendant to 72 months imprisonment based upon an applicable advisory guideline range of 121 to 151 months imprisonment. This sentence was imposed after hearing extensive evidence on and argument as to the amount of loss and number of victims attributable to Defendant's criminal conduct. The sentence demonstrates that these factors were presented by Counsel and reflects the Court's belief that Defendant was not responsible for the total amount of loss because "there were many others that were asleep at their jobs that permitted this to happen . . . The people are supposed to be watching over your money weren't awake." Doc. No. 45, 113. Defendant's arguments in her present Motion that these issues were not raised by her Counsel or considered by the Court are belied by what actually occurred. Therefore, her Motion is without merit and the following Order is entered.

AND NOW, this 18th day of July, 2014, IT IS HEREBY ORDERED THAT *Pro Se* Defendant's Motion for Reconsideration (Doc. No. 71) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties

        DONNA SHEBETICH
        33235-068 R-A4
        FEDERAL PRISON CAMP
        PO BOX A
        ALDERSON, WV, 24910