IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

DONNA SHEBETICH,
      Defendant/Petitioner.

Criminal No. 10-0197
ELECTRONICALLY
FILED

### ORDER OF COURT RE: PRO SE DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. NO. 81)

Presently before this Court is a Motion by Defendant for this Court to reconsider its prior Order denying a Motion for Habeas Corpus pursuant to 28 U.S.C. § 2255. Doc. No. 81. In an abundance of caution, the Court ordered the Government to file a response to this Motion. The Government wholly opposes Defendant's Motion, which is ripe for disposition. Doc. No. 83.

On November 18, 2011, after pleading guilty pursuant to a plea agreement that included a waiver of appellate and collateral attack rights, Defendant was sentenced to a term of 72 months imprisonment for false entry in bank records by officer, director, agent, or employee, in violation of 18 U.S.C. § 1005. Doc. No. 44. On June 4, 2012, Defendant, through counsel, filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Doc. No. 56. Defendant alleged that her previous trial counsel was ineffective on eight grounds. Id. The Court denied Defendant's Motion based upon her knowing and valid waiver of her right to file such a Motion. Doc. No. 58. This decision was challenged by Defendant through a Motion for Reconsideration (Doc. No. 59) and a Motion for Certificate of Appealability (Doc. No. 60), both of which were denied. Doc. No. 61. Defendant filed a Notice of Appeal from these Orders to the United States Court of Appeals for the Third Circuit. Doc. No. 62. On September 21, 2012, the United States Court of Appeals for the Third Circuit denied a certificate of appealability. Doc. No. 65.

Defendant has since challenged her sentence through the following Motions, all of which have been denied:

- Motion to Vacate under 28 U.S.C. § 2255 (December 4, 2012)(Doc. No. 66);
- Motion to Appoint Counsel (June 9, 2014)(Doc. No. 68);
- Motion for Reconsideration re. Judgment (July 17, 2014)(Doc. No. 71);
- Motion for Reconsideration re. Judgment (August 20, 2014)(Doc. No. 73);
- Motion to Appoint Counsel (November 13, 2014)(Doc. No. 75); and
- Motion for Court Appointed Counsel (December 4, 2014)(Doc. No. 77)

Defendant (proceeding *pro se*) now moves this Court to reconsider its prior order denying relief pursuant to 28 U.S.C. § 2255 based upon the following: (1) an Opinion by Judge Joy Flowers Conti, Chief Judge of the United States District Court for the Western District of Pennsylvania, finding that enforcement of appellate rights waivers would be unjust (*Williams v. United States*, 2014 WL 4060263 (W.D. Pa. Aug. 14, 2014); (2) a decision by the Supreme Court of Kentucky that Federal Prosecutors could not insist that defendants waive the right to pursue claims of ineffective assistance of counsel as a condition of a plea agreement (*U.S. v. Kentucky Bar Association*, No. 2013 SC-000270-KB); and (3) the position taken by the United States Department of Justice, in October of 2014, that United States Attorneys should decline to enforce waivers of claims for ineffective assistance of counsel.

The Court finds that none of the grounds advanced by Defendant are cause to disturb prior Orders enforcing Defendant's waiver of her right to attack her guilty plea or sentence. First, as noted by the Government, decisions by a fellow judge of the United States District Court of the Western District of Pennsylvania or a State Court in Kentucky are not binding on this Court. Secondly, the Department of Justice's recent decision not to include collateral rights waivers in plea agreements does not have a retroactive effect on Defendant. However, the Court

is always mindful of its obligation to "provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," and, as such, has reviewed all of the sources cited by Defendant and the record of Defendant's instant federal case. Fed.R.Crim.P. 2.

When enforcement of a waiver of collateral attack rights would bar a claim for ineffective assistance of counsel, a court must consider: (1) whether defendant's waiver of rights was knowing and voluntary; (2) whether the issue presented by defendant is within the scope of the waiver; and (3) whether enforcement of the waiver would be a "miscarriage of justice." *Williams v. U.S.*, 2014 WL at * 12, citing *U.S. v. Grimes*, 739 F.3d 125, 128-29 (3d Cir. 2014); *U.S. v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008); *U.S. v. Mabry*, 536 F.3d 231, 244 (3d Cir. 2008); *U.S. v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2011). As previously set forth by the Court, Defendant's waiver of her rights was knowing and voluntary. Doc. No. 58. Defendant's requested relief squarely falls within the type of collateral appeals that she has waived her right to pursue. The United States Court of Appeals for the Third Circuit has declined to find that waivers of the right to collaterally attack a sentence through claims of ineffective assistance of counsel are invalid *per se*. *U.S. v. Grimes*, 739 F.3d at 130. After review of the entire record, including the documents cited by Defendant and factors set forth in *U.S. v. Mabry*, the Court finds that enforcement of Defendant's waiver of appeal and collateral attack rights should be enforced and the Court's prior Orders will not be disturbed.

A certificate of appealability is required by 28 U.S.C. § 2253 (c) before a petitioner who has been denied relief in a habeas corpus proceeding or proceeding under section 2255 may appeal to a Court of Appeals. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

right." In order to make a "substantial showing of the denial of a constitutional right," the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant has not demonstrated that reasonable jurists would find that her waiver of appeal rights should not apply in this situation. Therefore, a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), should not issue.

AND NOW, this 6th day of May, 2015, IT IS HEREBY ORDERED THAT Defendant's Motion for Reconsideration (Doc. No. 81) is DENIED.

                                                    s/ Arthur J. Schwab
                                                    Arthur J. Schwab
                                                    United States District Judge

cc:    All Registered ECF Counsel and Parties

       DONNA SHEBETICH
       33235-068 R-A4
       FEDERAL PRISON CAMP
       PO BOX A
       ALDERSON, WV 24910